ALFRED PALMER *v.* R. T. BOSHER and F. C. CLARK.

When the defendant in attachment, moves to vacate the same, for causes appearing in his affidavit, it is not necessary to serve the plaintiff with a copy of such affidavit before the motion is heard.

This was a MOTION upon notice filed, to amend affidavits for an attachment, and also a motion by defendants to vacate an attachment, heard before *Henry, J*, at Fall Term, 1874, WAKE Superior Court.

The motion to allow the plaintiff to amend his affidavit, was granted by the Court.

The counsel for the defendants then moved, upon affidavits to vacate the attachment. The counsel for the plaintiff said in the course of his argument, that he was taken by surprise, not anticipating the defendant's affidavits, and that if he had time he could probably produce numbers of affidavits to refute the affidavits of the defendants. He did not move to file counter affidavits nor did he ask for time in which to prepare and file

them.   No motion was made to the Court.   The motion to vacate the attachment was granted and the plaintiff appealed.

*Jones & Jones,* for appellant.
*Busbee & Busbee,* contra.

SETTLE, J.   No error appears to this Court in the order vacating the warrant of attachment.   Indeed, upon the affidavits filed by the defendants, it is not seen that his Honor could have done otherwise.

The plaintiffs counsel says that he was taken by surprise, and that the defendants should have served him with copies of their affidavits, at the same time they served notice of their motion to vacate the warrant of attachment.   We cannot assent to that proposition.   Such a requirement would be impracticable.   The counsel did not then propose to file counter affidavits, nor did he ask for time to prepare and file them, nor did he state positively that he could contradict the affidavits filed by the defendants; but only said " if he had time, he could *probably* produce numbers of affidavits to refute the affidavits filed by the defendants."

The judgment of the Superior Court is affirmed.

PER CURIAM.                                  Judgment affirmed.